UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION



CRIMINAL NO. 3:09cr140-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **CONSENT ORDER AND** |
| ) | **JUDGMENT OF FORFEITURE** |
| (1) CARLTON MAURICE RUFFIN, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 982, 21 U.S.C. § 853, and/or 28 U.S.C. §2461(c):

   **One Ruger 9mm handgun, Model P9500, serial # 912841444 and ammunition;**

   **One 2001 Lexus GS300, VIN JT8BD69S110133340;**

   **One 2008 Dodge Viper, VIN 1B3JZ65Z68V200062;**

   **One 2000 Ford Expedition, VIN 1FMRU1566YLA14151;**

   **Approximately $18,000 in funds from Bank of America account XXXXXXXX4235;**

   **Approximately $36,000 in funds from Bank of America CD account XXXXXXXX8911;**

   **A monetary judgment in the amount of $500,000.00, which sum represents proceeds obtained, directly or indirectly, from violation(s) of Title 21, United States Code Sections 841(b)(1)(A) and 846; including $1,084.00 in United States Currency that was seized from Defendant.**

2. the United States Marshal and/or other property custodian for the investigative agency

1

is authorized to take possession and maintain custody of the above-described tangible property;

      3. a forfeiture money judgment in the amount of $2,000,00.00 shall be included in the sentence of the defendant, and the United States Department of Justice may take steps to collect the judgment from any property of the defendant;

      4. upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

      5. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

      6. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

      The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 982, 21 U.S.C. § 853, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, defendant consents to

destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion, deem to be legally sufficient, and waives any and all right to further notice of such process or ~~such~~ destruction.

EDWARD R. RYAN
UNITED STATES ATTORNEY

*Kim Lan McFad, for*

Kelli H. Ferry, Esq.
Assistant United States Attorney

*Carlton Maurice Ruffin*

Carlton Maurice Ruffin
Defendant

*[signature]*

James J. Exum, Esq.
Attorney for Defendant

Signed this the 9 day of March, 2010.

*[signature]*

UNITED STATES __DISTRICT__ JUDGE