THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO. 3:09-cr-00140-MR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| CARLTON MAURICE RUFFIN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon the Defendant's letter, which the Court construes as a motion for early termination of supervised release. [Doc. 33].

On July 31, 2009, the Defendant pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846; one count of possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 1957(a). [Docs. 2, 4]. The Defendant was sentenced on August 25, 2010, to a total term of 157

months of imprisonment, followed by a five (5) year term of supervised release. [Doc. 18]. On March 6, 2015, the Court reduced the Defendant's sentence to a total term of 138 months of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). [Doc. 32]. The Defendant's term of supervised release remained the same. [Id.].

The Defendant now moves the Court to exercise its discretion and terminate his term of supervised release. [Doc. 33].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Generally, the Court will consider terminating a term of supervised release where the defendant has exhibited exemplary behavior and has served at least two-thirds of the imposed term. Here, the Defendant has completed only nineteen months of his five-year term of supervised release. While the Defendant's compliance with the terms and conditions of supervised release is commendable, the Court is not satisfied that termination is warranted at this time. Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release.

2

Case 3:09-cr-00140-MR   Document 34   Filed 03/23/21   Page 2 of 3

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for early termination of supervised release [Doc. 33] is **DENIED WITHOUT PREJUDICE**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: March 23, 2021

Martin Reidinger
Chief United States District Judge